BYE, Circuit. Judge,
concurring.
To the extent the majority opinion can be read to disavow Gerald Biby’s expectation of privacy in his computer, I disagree. The University’s privacy policy created an expectation the contents of his computer are to a certain degree private. The policy specifically states “a user can expect the files and data he or she generates to be private information.” In addition to the policy, the fact his computer was password protected and located in his private office is further evidence of the heightened expectation of privacy. He also regularly used his computer for personal use, his email for personal correspondence, and he kept highly confidential proprietary information in his computer. Moreover, the University acted as if he had an expectation of privacy in his computer by requiring him to consent to a search. Based upon these facts, I submit Biby had an expectation of privacy in his office computer. Nevertheless, because the University’s need to gather information relevant to a pending arbitration outweighed Biby’s privacy interests, I would find the search of the computer reasonable, and not in violation of the Fourth Amendment.